## BACOT v. LOWNDES.

1. An action against executrix, devisees, and others, to subject real estate devised or descended to the payment of the debts of the ancestor, and to vacate deeds of transfer made by the devisees and heirs to third parties, is an action "for the recovery of real property, or of an estate or interest therein, or for the determination of such right or interest," and must be tried in the county where the lands are located; the Circuit Court of any other county is without jurisdiction.

2. This case distinguished from *Jordan* v. *Moses*, 10 *S. C.*, 431.

Before FRASER, J., Charleston, November, 1884.

The opinion states the case. The Circuit decree was as follows:

Under the ruling in the case of *Jordan* v. *Moses* (10 *S. C.*, 431), an action may be brought in any county where the personal representatives of the deceased reside for an account, injunction, and to marshal the assets, and for this purpose a sale may be ordered of lands situated in any other county. In the case before the court, there would seem to be no doubt of the jurisdiction under these pro-

ceedings to sell these lands in Colleton and Greenville Counties, if there had been no conveyance or alienation by the devisees of these lands before action brought, real estate having been made "liable to and chargeable with just debts," * * "and made assets for the satisfaction thereof," and "subject to like remedies, &c., * * as personal estates." *Gen. Stat.*, § 1983; 5 *Geo.* 2, *C.* 7, and 3 and 4, *W. & M., C.* 14.

I am unwilling to extend the privilege of the heir or devisee to alien the real estates and put them beyond the reach of creditors further than warranted by the cases on this subject. *Warren* v. *Raymond*, 12 *S. C.*, 9; *Smith* v. *Grant*, 15 *Id.*, 136; *Stackhouse* v. *Wheeler*, 17 *Id.*, 91. I infer from these cases, where the heir or devisee transfers his whole interest in fee in the land, even if in payment of his own debt, and with a knowledge on his part that the estate of the ancestor is insolvent, the rights of the creditor are transferred from the land to a personal claim on the heir or devisee, or perhaps to an equity to follow the fund which was produced by the sale. These are, perhaps, some of the very questions the plaintiff desires to raise in these proceedings.

The complaint, however (and I can only look to the allegations there made), does not show any complete transfer of title of these lands to C. C. Pinckney. The conveyance to him does not seem to have been more than a life estate, as his heirs are not named. If his heirs had been named, the conveyance was only for a special purpose and a limited time, until out of the rents and profits certain debts were paid, and then he was to hold for the "benefit and behoof" of the devisees. This seems to be such a use as would be executed by the statute, and that, if the fee was out of them at all, it was only for an instant, as in the case of a conveyance of land and an immediate mortgage for the payment of the purchase money, and by which even the right of dower and the liens of existing judgments would be excluded. If this view of the legal estate is not correct, these parties have, under these deeds to Pinckney, an equitable interest in themselves carved out of the estate of the testator.

This interest, whether legal or equitable, has been subsequently mortgaged by the devisees to C. C. Pinckney, to secure other bonds for advances made to them; and there is no allegation that

the mortgagors are out of possession, or that title has been perfected under it in any way. *Warren v. Raymond, supra.* These devisees, therefore, still have in themselves the equity of redemption, in the view I have above taken of it: still a part of the estate of William Henry Lowndes, which has never been out of them, whatever view may be taken of the mortgages as alienations to the extent of the mortgage debts. The allegations, that the plaintiff has been misled as to the property of the estate, and other statements in the complaint, seem to call in question the *bona fides* of these transactions, and, on the whole, I am inclined to the opinion, and hold, that there does not appear, by the statements in the complaint, to have been such an alienation of these lands as to deprive the creditors of the right to have some interest in them subjected to the payment of their demands.

It is therefore ordered and adjudged, that the demurrers be overruled, and that the parties demurring have until the first day of February next to file their answers and pay the costs of the demurrers. The motion to dissolve the injunction is refused and dismissed.

*Messrs. Hayne & Ficken,* for appellants.

*Messrs. McCrady, Sons & Bacot,* contra.

March 15, 1886. The opinion of the court was delivered by

Mr. Chief Justice Simpson. The main question in this appeal is whether the action below was brought "for the recovery of real property, or of an estate or interest therein, or for the determination of certain rights and interests therein." If so, it is conceded that the appeal must be sustained, as the action is brought in Charleston County, when the real estate in question is located in Colleton County, such action not being permitted under the code except in the county where the land is located.

To see clearly the application of this provision of the code to the case, a short statement of the facts, as alleged in the complaint, must be stated. It appears that the late William Henry Lowndes was indebted in his life time to Charles E. Miller in a large amount, evidenced by bond dated in 1844, which was secured

by mortgage on certain real estate situate in Colleton County; that Miller assigned this bond and mortgage to the late Daniel Huger, who died in 1858, leaving a will, of which the plaintiff is executor; that William Henry Lowndes, who died in 1865, left a will, in which his wife, the defendant, Mary E. Lowndes, was appointed executrix (this will, however, was not set up and admitted to probate until 1883); that the plaintiff, as executor of Daniel Huger, deceased, in 1876, filed his complaint against Mary E. Lowndes, Harriet Minott and husband, John C. Minott and Mary A. Elliott and husband, Henry D. Elliott, and E. M. Speights, lessee, the former being heirs at law and distributees of the said W. H. Lowndes, for the foreclosure of said mortgage, which was accomplished by sale of the property, no judgment being asked for the deficiency on the bond. In that proceeding, the defendants, heirs at law, prayed that the balance due on said bond, after application of the proceeds of the land, be accurately ascertained, which was done, the amount being $6,002.22, November, 1876. It was provided in the decree for foreclosure, and adjudged, that the said defendants "should be discharged from any liability for or by reason of the said bond of the said W. H. Lowndes, deceased, set forth in the pleadings."

The complaint further alleged, that at the time of the said foreclosure action, and at the time of the decree therein, he was informed by the defendants (which information, it is alleged, subsequent events have shown to have been mistaken), that the estate of W. H. Lowndes was insolvent, and that there was no other property belonging to said estate; that on that account no administration was applied for, and also the portion of the decree discharging the defendants was incorporated; that plaintiff, however, since said decree had learned that W. H. Lowndes owned at his death lands located in Colleton and Greenville Counties, when the plaintiff notified the defendant, Mary E. Lowndes, that he would claim the balance due on his bond, and would claim to administer if she did not; that, thereupon, Mrs. Lowndes produced the will of her deceased husband and qualified as executrix; that soon thereafter, to wit, in 1884, the plaintiff brought action on said bond against the executrix; that since said action was commenced, the defendant, Mary E. Lowndes, executrix, had

allowed judgment to go against her by default in favor of the
defendant, C. C. Pinckney, jr., trustee, in the sum of $6,000;
that before said action was begun, to wit, in 1883, the defendants
conveyed and aliened, or attempted to do so, four several tracts
of land, situate, respectively, in Greenville and Colleton Coun-
ties, which, in the will of the said W. H. Lowndes, had been
devised to them, of which they had been in the exclusive posses-
sion since the death of the said W. H. Lowndes, the conveyance
being in trust to pay the said C. C. Pinckney certain debts due
to him, and then to hold for the defendants, and afterwards cer-
tain mortgages were executed to the said Pinckney of the inter-
ests of the defendants, and that under these deeds, C. C. Pinck-
ney, jr., trustee, had been in possession, removing phosphate
rock, digging, &c. And upon these alleged facts, the plaintiff
demanded judgment, that creditors be called in; that C. C.
Pinckney be enjoined from enforcing his judgment; that the con-
veyances, mortgages, &c., to him be set aside; that all parties be
enjoined from digging phosphate rock, &c.; and that the real
estate mentioned be sold, the proceeds to be applied to the debts
of the deceased, &c.

To this complaint, the defendants demurred "on the ground
that the action was for the recovery of real property, or of an
estate or interest therein, and for the determination of certain
rights and interests in said property, and for injuries to real pro-
perty; and it appears upon the face of the complaint, that this
court has no jurisdiction of the subject of the action, or any part
thereof."

The demurrer was overruled by his honor, Judge Fraser, and
the defendants now renew said demurrer by appeal.

The Circuit Judge, in overruling the demurrer, relied upon
the case of *Jordan* v. *Moses* (10 *S. C.*, 431). That case, how-
ever, differs from this in the fact, that there the title to the real
estate sought to be sold was admitted to be in the deceased at his
death, and no change had taken place since his death. That case
was an ordinary case to marshal assets, and to sell real estate of
the deceased to pay his debts. The real estate in question was
located, it is true, in a different county from that in which the
action was brought; but the action was not intended to recover

this real estate or any interest therein, or to determine any right or interest therein, of any party. It was understood to belong to the deceased, and the purpose was to sell it and apply the proceeds to the debts. The court, therefore, very properly held that the action in no aspect fell within the provisions of the section of the code referred to.

But, here the action, while its purpose, as expressed in the complaint, is to reach real estate alleged to have belonged to the decedent, yet facts are stated in said complaint which show that in order to accomplish this purpose, the rights and interests of other parties must be determined therein, and one of the main prayers is that certain deeds and papers under which C. C. Pinckney, jr., claims an interest, and by which he is in possession, digging and mining phosphate rock, shall be vacated and set aside. Besides, the action is nothing more than an action to subject real estate, descended or devised to heirs at law or devisees, to the payment of the debts of the ancestor, and before this can be done, the interests and rights of said heirs at law and devisees, in connection with their transfers to C. C. Pinckney. jr., must be determined and adjudicated. These are issues raised in the complaint, and they are questions which determine the jurisdiction of the court, and it will not do to hold in advance of the trial that these questions will be decided against the defendants, and, therefore, they have no right to demand that the action shall be brought in Colleton County, for the reason that they have the right, under the imperative terms of the code (*"must be tried"*), to have those questions tried in the county where the land lies, and no adjudication of them elsewhere is competent without their consent.

We think, therefore, that his honor was in error in overruling the demurrer. Several other questions have been discussed before us, for instance, whether the deeds and other papers to Pinckney should be vacated, and whether, if not, they constitute such an alienation by the heirs as would put the land beyond the reach of the plaintiff, and, also, whether the former decree had not released the defendants; but these questions did not properly arise under the demurrer, and they are not now ripe for adjudication.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that the complaint be dismissed.